Arnold L. Fein, J.
Petitioner’s application, pursuant to CPLR article 78, for an order annulling, vacating and setting aside respondents’ determination terminating petitioner’s employment and reinstating him to his position on the ground that respondents’ ruling with respect to seniority was contrary to law, is granted.
Petitioner was employed in the archives section, formerly under the jurisdiction of the New York Public Library. On October 11, 1967 the archives section was taken over by the City of New York, together with all its employees. Pursuant to section 45 of the Civil Service Law: "(s)uch employees shall continue to be employed in similar or corresponding positions and shall have the seniority theretofore held by them as among themselves. ” (Emphasis supplied.)
Respondents used October 11, 1967 as the civil service retention date for seven employees in petitioner’s category, but placed these seven in the order of seniority "among themselves” as their original hiring date by the library determined. In 1975 the city’s financial plight necessitated a reduction of staff. Two employees with less library seniority claimed veteran’s preference (Civil Service Law, § 85) and were given 30 months’ additional seniority, and thus were found to have greater retention rights than petitioner. This was accomplished by applying the 30 months veterans’ preference seniority to the date of the original appointment by the city of all of the library appointees, October 11, 1967, not to the date of the appointment by the library. As a result one of these two veterans remained in his job. Petitioner contends that respondents misapplied section 45 of the Civil Service Law and if properly applied, petitioner would have greatest seniority, and should be returned to his employment with back pay.
*343 This appears to be a case of first impression. Section 45 (L 1958, ch 790, § 1) was added primarily to permit employees in private institutions to remain in their employment without the necessity of taking civil service examinations, when the institutions which employed them were taken over as a government facility. The legislative history alludes to the “going concern rule”. The seniority provision in the statute would also apply to the “going concern” as it refers to "among themselves”.
The point at issue here is whether two standards shall apply to such employees in determining their seniority as employees in the city service. Section 80 of the Civil Service Law covers suspensions upon the abolition or reduction of positions. “Where * * * positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion * * * among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis in the classified service in the service of the governmental jurisdiction in which such abolition or reduction of position occurs, subject to the provisions of subdivision seven of section eighty-five of this chapter”. (Emphasis supplied.)
Subdivision 7 of section 85 refers to the preference in retention accorded blind, disabled veteran, and veteran employees.
Although the original appointment in the service of the City of New York for petitioner and his coworkers was the date the archives came under the operation of the city, their seniority was required to be determined on the basis of their original employment by the library. Their city tenure is covered by statute. (Civil Service Law, § 45.) The library had trial, provisional and regular appointments, city civil service has provisional and permanent appointments with provision for a probation period. Although petitioner’s service with the library was not his original appointment in the city civil service (Civil Service Law, § 80), the same principle applied to his fellow employees. Their seniority was based on the date of their original appointment by the library plus such veterans or other preferences to which they were entitled.
This is borne out by the amendment of the Administrative Code (Local Laws, 1969, No. 22 of City of New York) which added the employees of the municipal reference library to the civil service when the city took over its operation. This *344 amendment (Administrative Code, § F51-28.0) clearly recognizes the "going concern rule” in providing that incumbent employees continue to serve without examination.
Respondent erred in rigidly applying the words "original appointment” in the civil service, in section 89 of the Civil Service Law. Although it properly applied subdivision 7 of section 85, in adding the appropriate number of months, it ignored section 45 of the Civil Service Law for two veterans.
The only way the applicable statutes can be read together and harmonized is to fix the seniority of the employees on the basis of the date of their original appointment in the library (Civil Service Law, § 45), apply veterans and other preferences to such dates for added seniority (Civil Service Law, § 85, subd 7), and exercise demotion, suspension and abolition procedures on this basis in inverse order. (Civil Service Law, § 80.)